1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | DEAN MICHAEL STEVENS,           No. 2:25-cv-0713 SCR
12 |          Plaintiff,
13 |     v.                          ORDER
14 | C. DAVID EYSTER, et al.,
15 |          Defendants.
16

17     Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to
18 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff has filed an application to proceed in forma pauperis
19 pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)
20     The federal venue statute provides that a civil action "may be brought in (1) a judicial
21 district in which any defendant resides, if all defendants are residents of the State in which the
22 district is located, (2) a judicial district in which a substantial part of the events or omissions
23 giving rise to the claim occurred, or a substantial part of property that is the subject of the action
24 is situated, or (3) if there is no district in which an action may otherwise be brought as provided in
25 this action, any judicial district in which any defendant is subject to the court's personal
26 jurisdiction with respect to such action."  28 U.S.C. § 1391(b).
27     In this case, the claim arose in Mendocino County, which is in the Northern District of
28 California.  Therefore, plaintiff's claim should have been filed in the United States District Court

for the Northern District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: March 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2